IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## STATE OF TENNESSEE v. SLEDA RICHARDS, a.k.a. SLEDA BRAGG

Appeal from the Criminal Court for Sullivan County
Nos. S47,508; S49,852     Phyllis H. Miller, Judge

No. E2005-00721-CCA-R3-CD - Filed December 29, 2005

The defendant, Sleda Richards, pled guilty to two counts of reckless aggravated assault, a Class D felony, one count of running a stop sign, a Class C misdemeanor, one count of driving under the influence, a Class A misdemeanor, one count of driving on a revoked license, a Class B misdemeanor, and one count of failure to appear, a Class E felony. The Sullivan County Criminal Court sentenced her to a total effective sentence of six years as a Range I, standard offender to be served in the Department of Correction. The defendant appeals, contending that the trial court erred in denying her probation or alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Stephen M. Wallace, District Public Defender, and William A. Kennedy, Assistant Public Defender, for the appellant, Sleda Richards, a.k.a. Sleda Bragg.

Paul G. Summers, Attorney General and Reporter; Jane L. Beebe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Ricky A.W. Curtis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's driving under the influence and hitting two victims with her car. The Sullivan County grand jury indicted the defendant in case number S47,508 on five counts: two counts of reckless aggravated assault, one count of running a stop sign, one count of driving under the influence, and one count of driving on a revoked license. After the defendant failed to appear for her trial, the Sullivan County grand jury filed a presentment against the defendant for one count of felony failure to appear. The defendant entered guilty pleas to the indicted and presented offenses. In case number S47,508, the trial court sentenced the defendant to four years on each count of reckless aggravated assault, thirty days for running a stop sign, eleven months and

twenty-nine days for driving under the influence, and six months for driving on a revoked license, all counts to be served concurrently to each other. In case number S49,852, the trial court sentenced the defendant to two years for felony failure to appear to be served consecutively to case number S47,508, for a total effective sentence of six years to be served as a Range I, standard offender in the Department of Correction.

At the guilty plea hearing, the state gave the following account of the crime: on September 25, 1999, Kingsport Police Officer Kevin Hyatt investigated a car accident at the Rocksprings Road exit off Interstate 181 in Sullivan County. Officer Hyatt arrived at the scene and found three injured females. Witnesses saw a gray Honda CRX driven by the defendant run a stop sign at the bottom of the exit ramp, go across Rocksprings Road, and strike two victims who had been hanging a yard sale sign on the telephone pole. One victim had serious injuries to her leg and hip, and the other victim had a concussion. Upon Officer Hyatt's request, the defendant submitted to a blood test, which revealed the defendant's blood alcohol level at .24%. Officer Hyatt determined the defendant's driver's license had been revoked.

At the sentencing hearing, one of the victims testified that she had been hanging a garage sale sign with her back toward the road when she saw the defendant's car from the corner of her eye. She said she tried to move but was hit by the car and knocked unconscious. She said that after the defendant's car hit both her and the other victim, it pushed her mother's car twenty-one feet from where she parked it. She said she was in the hospital for twelve to thirteen days and had three major surgeries on her leg and ankle. She said that she had been unable to work or to support her family since the accident. She said she could not stand on her leg for more than one hour at a time. She said she did not believe her leg would ever improve. She said that she was twenty-five years old at the time of the hearing and that before the accident she worked in a nursing home. She said she lost her job because of her injuries.

No other witnesses testified, but the state entered the defendant's presentence report into evidence. The report states that the defendant had two prior convictions for marijuana possession and prior convictions for public intoxication, driving under the influence, possession of a controlled substance, reckless endangerment, leaving the scene of an accident, and a registration violation. The report states that she began drinking at age nineteen and that she drank three times per week by the age of twenty-five. The report also states that the defendant began using marijuana on weekends at age nineteen and continued to do so until 2002, when she was forty-eight years old. The report reflects that the defendant had earned 444 days jail credit.

After argument by counsel, the trial court denied probation and alternative sentencing. The trial court examined the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 and found the following enhancement factors applied: (2) the defendant had a previous history of criminal convictions and criminal behavior; (7) the personal injuries to one of the victims was great; (11) the defendant had no hesitation about committing the crime when the risk to human life was high; and (22) the defendant failed to pay the administrative fee for court-

appointed counsel. <u>See</u> T.C.A. § 40-35-114 (2003).[1] The trial court said it would give the defendant "some credit" if she had any remorse and some credit for her rehabilitative efforts, but it applied no other mitigating factors. The trial court found the defendant had a history of drug and alcohol abuse and a poor work history. In denying probation and alternative sentencing, the trial court stated:

> The enhancement factors far outweigh the mitigating factors. Split confinement has been tried, probation has been tried, serving 30 days has been tried [and] none of it worked, so I don't find that she would be any better off, I don't find that it would serve the ends of justice, her or anyone else to give her alternative sentencing. So alternative sentencing is denied.

On appeal, the defendant claims that the trial court erred in denying probation or alternative sentencing. Specifically, the defendant claims she does not have a long record of criminal convictions. The defendant asserts she had only four prior misdemeanor convictions and no prior felonies. The defendant asserts the seriousness of the offenses would not have been depreciated if she had been granted alternative sentencing because she had already served 444 days in confinement. The defendant also asserts she had made strides in self-rehabilitative efforts while in jail.

The state contends that the trial court properly denied probation and alternative sentencing. The state asserts the trial court correctly applied the enhancement factor for history of criminal convictions and behavior and recognized that all of the defendant's prior convictions were misdemeanors. The state asserts the trial court also correctly applied the enhancement factors for serious injuries to the victim and for failure to pay the administrative fee for her court appointed counsel. The state asserts the offenses and the victim's injuries were sufficiently "violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree" and support the trial court's imposition of six years in confinement.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2003). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d) (2003), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

---

[1] We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102, -114, -210, and -401. See 2005 Tenn. Pub. Acts ch. 353 §§ 1, 5, 6, 8. However, the amended code sections are inapplicable to the defendant's appeal.

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); see Ashby, 823 S.W.2d at 168.

When a defendant is an especially mitigated or standard offender convicted of a Class C, D, or E felony, the defendant is presumed to be a favorable candidate for alternative sentencing. T.C.A. § 40-35-102(6) (2003). However, this presumption may be rebutted upon a showing that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5) (2003); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

The record reflects that the defendant had been convicted of marijuana possessions, public intoxication, driving under the influence, possession of a controlled substance, reckless endangerment, leaving the scene of an accident, and a registration violation. It also reflects that she had a history of alcohol and drug abuse. Based on the defendant's criminal history, the seriousness of the current offenses, and the defendant's history of drug and alcohol abuse, we conclude the trial court did not err in denying the defendant probation or other alternative sentencing and the defendant is not entitled to relief on this issue. We affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE